M. & C. Railroad Co. *v.* Holloway & Tatum.

MEMPHIS & CHARLESTON RAILROAD CO., in error, *v.* HOLLOWAY & TATUM.

1. RAILROADS. *Common carriers. Liability for freight lost. Connecting lines. Privity. Burden of proof. Evidence.* The last of a series of connecting lines over which freight is transported, is liable for loss or damage, subject to the limitations stipulated for in the contract of shipment with the first line, unless it appears that the loss did not occur on the road sued. The burden is upon said road, to show that the loss did not occur on its line.

   Cases cited: E. T. & Va. R. R. Co. *v.* Rogers, 6 Heis., 143; W. & A. R. R. Co. *v.* McElwee, 6 Heis., 208; Fustenheim *v.* M. & C. R. R. Co., MS.

2. SAME. *Same.* A stipulation that the claim for loss must be made at the time the goods are delivered, will not protect the company, where the claim is made in a reasonable time after the loss is ascertained.

FROM FAYETTE.

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

HUMES & POSTON for complainant.

W. A. MILLIKEN for defendants.

McFARLAND, J., delivered the opinion of the court.

This suit was commenced by Holloway & Tatum against the Memphis & Charleston Railroad Co. before a justice of the peace; upon appeal to the circuit court the cause was by consent submitted to the judge;

a jury being waived, judgment was rendered for the plaintiffs, and the defendant has appealed.

The case is this: Holloway & Tatum purchased of a firm in Cincinnati a bill of goods, which were properly packed in boxes or cases, directed to the plaintiffs at Somerville, Tennessee, and delivered to the Louisville, Cincinnati & Lexington R. R. Co., which company gave a receipt specifying that the goods were "to be transported and delivered in like good order to Louisville & Nashville Railroad Co. at Louisville, subject to certain conditions noted." One of the conditions is, that the liability of said company shall terminate, (except as to guaranty of rates of freight) upon the delivery of the goods to the next line of transportation.

The boxes or packages passed in due time over the intermediate lines and came to the possession of the Memphis & Charleston Railroad at Grand Junction, and from thence were carried by said road to Somerville and there delivered to the plaintiffs, who at the time made no objection, paying the freight in full, but upon opening the boxes they discovered that part of the goods were missing; they thereupon wrote to the firm of whom they purchased the goods, to ascertain if the missing goods were certainly packed in the boxes; they were informed that the goods were certainly packed. The reply to their letter was delayed some four weeks, and they thereupon, within six weeks from the receipt of the boxes, notified the M. & C. R. R. Co. of the loss and made demand for payment, which being refused, this action was brought. It was

admitted "that the goods were lost somewhere between Cincinnati and Somerville, but where is not known." Upon these facts, are the plaintiffs entitled to recover?

It is argued that no action can be maintained against the defendant, because there is no privity of contract between plaintiffs and the defendant; that the contract of shipment was alone with the first road, and the suit alone could be against that company. We have held that where goods are shipped to a party beyond the terminus of the first road, the first carrier is still responsible for the delivery of the goods at their destination, unless this liability is limited by special contract. *E. T. & Va. R. R. Co.* v. *Rogers & Hartsell*, 6 Heis., 143; *W. & A. R. R.* v. *McElwee*, 6 Heis., 208. But it would not necessarily follow from this, that the owner of the goods might not also maintain an action against a connecting carrier, if he could show that the goods came to his possession and were lost by his neglect. The case of *Fustenheim* v. *M. & C. R. R. Co.*, decided by this court at the April term, 1872, is relied upon, but is not authority for the position contended for. In that case, a passenger purchased a through coupon ticket from New York to Memphis and received a check for his baggage, to be delivered at Memphis; his baggage was delivered at Memphis, but had been broken open and robbed, as was admitted, *while on the first line of railroad.* It was held there was no such privity between the party as to hold the last line of road liable for a loss admitted to have occurred by the fault of the first line of road. But there is no intimation that an ac-

tion might not have been maintained against the last company for any default upon its passage. We hold that upon the delivery of the goods to the M. & C. R. R. Co., it became liable as a common carrier, subject at most only to the limitation stipulated for in its behalf by the first company; some of the stipulations contained in the receipt are in behalf of the first road and connecting lines. The only difficulty we see in the way of recovery, is as to whom the *onus* of proof is upon in regard to where the loss occurred. It is admitted that it is not known where the loss occurred—whether before or after the goods came to the possession of the M. & C. R. R. Co. It is argued that as it is not known that the loss occurred by the default of the defendants, there can be no recovery. This would certainly be the general principle as to other transactions.

It is admitted, however, that the goods were lost in transportation—some one of the connecting lines is responsible for the loss. It is impossible for the plaintiffs to show where the loss of the goods occurred. The cases were all delivered, but one had been opened and part of the goods taken out. If the action had been brought against either of the other carriers, the same difficulty would exist. They could show that the cases were delivered to the M. & C. R. R. Co. In view of the fact that railroad companies have these matters entirely in their control; that it is almost impossible for the owner to get the information which the companies may get in regard to the loss of goods, we think the shipper or owner shall not lose the

goods because of his inability to show where the loss occurred; and as the defendant admits the receipt of the cases without objection from the other companies, we hold it liable. Upon grounds of public policy it is better to put upon the carrier the duty of tracing up the loss and fixing it upon the party first liable, than to put the duty upon the owner.

It is next objected that the receipt contains a stipulation, that claims for loss or damage must be made at the time of the delivery of the goods to the consignee, and the claim was not made in this case for near six weeks. The damage or loss was of a nature not to be definitely known until the boxes were opened, and even then the plaintiffs did not know that the goods had been actually packed, and could not certainly know the extent of the loss; the notice was given in a reasonable time after the facts were known, and this we hold to be sufficient.

Affirm the judgment.